IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE MARTINEZ, | : | CIVIL NO. 3:13-CV-1475 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Andre Martinez ("Martinez"), a federal prisoner incarcerated at the United

States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania, initiated this action on

May 31, 2013, by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2671, *et seq.* on May 31, 2013. (Doc. 1). The sole remaining defendant is the

United States. Presently pending is defendant's motion to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil

Procedure 56. For the reasons set forth below, the motion for summary judgment will be

denied.

I.   **Standard of Review**

Through summary adjudication the court may dispose of those claims that do not

present a "genuine issue as to any material fact" and for which a jury trial would be an empty

and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the

non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "'The non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial.' Celotex [ ], 477 U.S. [ ] 324 [ ] (1986) (internal quotations omitted)." Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pa, 168 F. Supp. 2d 361, 365 (M.D. Pa. 2001). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

## II.   Statement of Material Facts

Martinez' alleges that on "March 07, 2012 at USP-Lewisburg; this administration inflicted me preforming a non-discretionary act, damagingly imposing two fractures causing hospitalization; (R) hand pinkie immobilized – resulting a fixation; condition extremely nerve racking." (Doc. 28, ¶ 1; Doc. 30, ¶ 1). As relief, Martinez requests the court to consider the damage he suffered which caused him to be hospitalized, to acknowledge the injuries he sustained, and "to grant compensation on [his] behalf." (Id., at ¶ 2; Id. at ¶ 2).

Martinez alleges in his administrative tort claim that he was assaulted by another inmate on March 7, 2012, and while he was restraining the inmate, he was "shot (9) times total," which caused several injuries. (Id. at ¶ 3; Id. at ¶ 3). He also alleges that while restraints were being applied, an officer used force which damaged his "right hand pinky," causing two fractures to the fifth finger of his right hand (which he refers to as his "pinkie.") (Id. at ¶ 4; Id. at ¶ 4). He sought relief in the amount of $150,000.00. (Id. at ¶ 5; Id. at ¶ 5).

BOP records describe a March 7, 2012 event which occurred at USP Lewisburg involving "disruptive behavior," "fight," and "use of force." (Id. at ¶ 6; Id. at ¶ 6). According to the report, Martinez and another inmate "were observed striking each other in the head and body with closed fists." (Id. at ¶ 7; Id. at ¶ 7). Staff ordered the two inmates to cease fighting and lie face down in the recreation cage; the inmates did not comply. (Doc. 28, ¶ 8). Martinez refused to stop because he was defending himself. (Doc. 30, ¶ 8). The responding Lieutenants introduced eight bursts of OC gas and five bursts of pepper spray, and the inmates then ceased their fighting. (Doc. 28, ¶ 9; Doc. 30, ¶ 9). They submitted to hand restraints and were removed from the recreation cage. (Id. at ¶ 10; Id. at ¶ 10). They were decontaminated and then medically assessed and placed in separate cells. (Id. at ¶¶ 10-11; Id. at ¶¶ 10-11). Both inmates sustained injuries. (Id. at ¶ 12; Id. at ¶ 12).

Steve Brown ("Brown"), Health Services Administrator at USP-Lewisburg, notes that according to medical documentation, Martinez was involved in an altercation with another inmate on March 7, 2012. (Id. at ¶ 13; Id. at ¶ 13). He was decontaminated with sterile

water and taken to the urgent care room for further evaluation and treatment.  (Id. at ¶ 14; Id. at ¶ 14).  During his evaluation, Martinez complained of pain to his head and right pinky finger.  (Id. at ¶ 15; Id. at ¶ 15).  It was noted that he sustained lacerations to the right eye and lower lip, abrasions to the back, right shoulder and knee, a contusion to the head, and a deviation to the right pinky finger between the proximal and middle knuckle.  (Id. at ¶ 16; Id. at ¶ 16).  Lacerations were sutured, a splint was applied and X-rays were ordered for Martinez's hand.  (Id. at ¶ 18; Id. at ¶ 18).  The X-ray revealed "an acute transverse fracture" of his right "pinkie" finger.  (Id. at ¶ 19; Id. at ¶ 19).  On March 8, 2012, Martinez had a follow-up evaluation of his injuries and it was noted that swelling was down, sutures were dry and intact, and Martinez reported feeling "ok."  (Id. at ¶¶ 20-21; Id. at ¶¶ 20-21).

## III.   Discussion

Under the FTCA, sovereign immunity has been waived, in limited circumstances, for claims for money damages against the United States for injury or loss of property caused by the negligent or wrongful act or omission of a federal employee.  28 U.S.C. § 2671, *et seq.*  A person may sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee.  United States v. Muniz, 374 U.S. 150 (1963).

When considering an FTCA, the law of the place where an act or omission occurs is to be applied.  28 U.S.C. § 1346(b).  Because USP-Lewisburg is located in Pennsylvania, Pennsylvania law applies.  Under Pennsylvania law, a plaintiff must prove the following

elements to establish a prima facie claim for negligence: "(1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the harm in question; and (4) the plaintiff incurred actual loss or damage." Krentz v. Consol. Rail Corp., 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2006). In cases that involve federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence, meaning that the United States must "exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." See 18 U.S.C. § 4042; Turner v. Miller, 679 F.Supp. 441, 443 (M.D.Pa. 1987).

In its brief in support of summary judgment, defendant argues as follows:

> In the instant case, although his Complaint is somewhat convoluted and difficult to interpret, Martinez appears to allege that his pinkie finger was injured when prison staff performed a "non-discretionary act" on March 7, 2012, and he alleges that this amounts to negligence. (Compl. (Doc. 1) at 2.) However, he fails to identify the "non-discretionary act." Looking to his administrative tort claim (Att. 1 to Albert Decl. (Ex. A)), he alleges, with no explanation, that his finger injury occurred while an unidentified officer was applying his hand restraints immediately after he had engaged in a fist fight. (Id.) However, Martinez fails to explain how his finger was injured, i.e. did the officer's hands, the restraints, or something else come in contact with his finger during the application of the restraints? Absent additional factual support for his claim, he fails to demonstrate that an employee of the federal government failed to use ordinary care with respect to Martinez' person.

(Doc. 29, p. 22-23).   It is further argued in the reply that:

> Here, the undisputed factual record establishes that on the date in question, there was indeed a series of forces in operation up to the point of harm: Martinez engaged in a prolonged fist fight with another inmate which continued even after staff ordered the inmates to cease and until chemical munitions were used to stop the two inmates from beating each other. (Report of Incident (Att. 3 to Albert Decl. (Ex. A)) at 3.) At that point, not only did staff have to break up the fight

between the two inmates, but the inmates were both injured and had been exposed to chemical munitions. (Id.) There is no factual support on the face of Martinez' Complaint whatsoever that his pinkie finger was injured by some unexplained negligent application of hand restraints. Thus, Martinez fails to state a claim of negligence, and Defendant is entitled to dismissal or judgment as a matter of law.

(Doc. 33, p. 8). Martinez contends that he sustained the injury at the hands of the officer applying the restraints. (Doc. 34, p.p 4, 7). Defendant has not demonstrated otherwise. Clearly there exists a genuine issue of material fact with respect to the manner in which Martinez sustained the injury to his finger. Consequently, entry of summary judgment is precluded.

## IV.   Conclusion

Based on the foregoing, defendant's motion (Doc. 27) to dismiss and for summary judgment will be denied.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:   March 31, 2015